UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 4:17-CR-00139-04 |
| | : | |
| v. | : | (JUDGE BRANN) |
| | : | |
| JUSTIN DANIEL LOUGH, | : | FILED VIA ECF |
| Defendant. | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States
Attorney for the Middle District of Pennsylvania and the above-
captioned defendant. Any reference to the United States or to the
Government in this Agreement shall mean the Office of the United
States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1.  Guilty plea. The defendant agrees to plead guilty to Count 7 of
    the Indictment, which charges the defendant with a violation of
    Title 21, United States Code, § 846, conspiracy to distribute 500
    grams or more of methamphetamine. The maximum penalty for
    that offense is imprisonment for life, a fine of $10 million, a
    maximum term of supervised release for life, which shall be
    served at the conclusion of, and in addition to, any term of

imprisonment, as well as the costs of prosecution,

imprisonment, probation, or supervised release ordered, denial

of certain federal benefits, and an assessment in the amount of

$100.  At the time the guilty plea is entered, the defendant shall

admit to the court that the defendant is, in fact, guilty of the

offense(s) charged in that count.  After sentencing, the United

States will move for dismissal of any remaining counts of the

indictment.  The defendant agrees, however, that the United

States may, at its sole election, reinstate any dismissed charges,

or seek additional charges, in the event that any guilty plea

entered or sentence imposed pursuant to this Agreement is

subsequently vacated, set aside, or invalidated by any court.

The defendant further agrees to waive any defenses to

reinstatement of any charges, or to the filing of additional

charges, based upon laches, the assertion of speedy trial rights,

any applicable statute of limitations, or any other ground.  The

calculation of time under the Speedy Trial Act for when trial

2

must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2. <u>Mandatory Minimum Sentence</u>.  Count 7 carries a mandatory minimum period of imprisonment of ten (10) years.

3. <u>Term of Supervised Release</u>.  The defendant understands that the court must impose at least a five (5)-year term of supervised release in addition to any term of imprisonment, fine or assessment involving a violation of the Controlled Substances Act.  The defendant also understands that the court must impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute. The court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3

4.   <u>No Further Prosecution, Except Tax Charges</u>.  The United

States Attorney's Office for the Middle District of Pennsylvania

agrees that it will not bring any other criminal charges against

the defendant directly arising out of the defendant's

involvement in the offense(s) described above.  However,

nothing in this Agreement will limit prosecution for criminal tax

charges, if any, arising out of those offenses.

## B.  Fines and Assessments

5.   <u>Fine</u>.  The defendant understands that the court may impose a

fine pursuant to the Sentencing Reform Act of 1984.  The willful

failure to pay any fine imposed by the court, in full, may be

considered a breach of this Plea Agreement.  Further, the

defendant acknowledges that willful failure to pay the fine may

subject the defendant to additional criminal violations and civil

penalties pursuant to Title 18, United States Code, § 3611, et

seq.

6.   <u>Alternative Fine</u>.  The defendant understands that under the

alternative fine section of Title 18, United States Code, § 3571,

4

the maximum fine quoted above may be increased if the court

finds that any person derived pecuniary gain or suffered

pecuniary loss from the offense and that the maximum fine to

be imposed, if the court elects to proceed in this fashion, could

be twice the amount of the gross gain or twice the amount of the

gross loss resulting from the offense.

7.   <u>Inmate Financial Responsibility Program</u>.  If the court orders a

fine or restitution as part of the defendant's sentence, and the

sentence includes a term of imprisonment, the defendant agrees

to voluntarily enter the United States Bureau of Prisons-

administered program known as the Inmate Financial

Responsibility Program, through which the Bureau of Prisons

will collect up to 50% of the defendant's prison salary, and up to

50% of the balance of the defendant's inmate account, and apply

that amount on the defendant's behalf to the payment of the

outstanding fine and restitution orders.

8.   <u>Special Assessment</u>.  The defendant understands that the court

will impose a special assessment of $100, pursuant to the

5

provisions of Title 18, United States Code, § 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

9. Collection of Financial Obligations.  In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

a.  to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

b.  to submit to interviews by the Government regarding the defendant's financial status;

6

c.   to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

d.   whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding the defendant's financial status;

e.   to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the court; and

f.   to submit any financial information requested by the Probation Office as directed, and to the sharing of financial information between the Government and the Probation Office.

C. **Sentencing Guidelines Calculation**

10. <u>Determination of Sentencing Guidelines.</u>  The defendant and
    counsel for both parties agree that the United States Sentencing
    Commission Guidelines, which took effect on November 1, 1987,
    and its amendments, as interpreted by *United States v. Booker*,
    543 U.S. 220 (2005), will apply to the offense or offenses to
    which the defendant is pleading guilty.  The defendant further
    agrees that any legal and factual issues relating to the
    application of the Federal Sentencing Guidelines to the
    defendant's conduct, including facts to support any specific
    offense characteristic or other enhancement or adjustment and
    the appropriate sentence within the statutory maximums
    provided for by law, will be determined by the court after
    briefing, a pre-sentence hearing, and/or a sentencing hearing.

11. <u>Acceptance of Responsibility– Three Levels</u>.  If the defendant
    can adequately demonstrate recognition and affirmative
    acceptance of responsibility to the Government as required by
    the Sentencing Guidelines, the Government will recommend

8

that the defendant receive a three-level reduction in the

defendant's offense level for acceptance of responsibility. The

third level, if applicable, shall be within the discretion of the

Government under U.S.S.G. § 3E1.1. The failure of the court to

find that the defendant is entitled to a three-level reduction

shall not be a basis to void this Plea Agreement.

D.  **Sentencing Recommendation**

12. Specific Recommendation of Sentence.  At the time of

sentencing, the United States will make a specific

recommendation within the applicable guideline range and

reserves the right to recommend the maximum sentence within

that range.

13. Conditional Plea.  Pursuant to Rule 11(a)(2) of the Federal

Rules of Criminal Procedure, with the approval of the court and

the consent of the Government, the defendant enters a

conditional plea of guilty to the charge(s) described above while

reserving the right on appeal to review the adverse

determination of the defendant's pretrial motions, specifically

9

the district court's memorandum and order denying (1) the
motion to dismiss the indictment based on outrageous
government conduct, (2) the motion to dismiss the indictment
based on outrageous government conduct due to destruction of
evidence, and (3) the motion to suppress physical evidence
obtained pursuant to the search warrant for 417 Maple Avenue,
Waynesboro, Virginia. (Rec. Doc. 331; 332) The parties
acknowledge that the defendant shall be allowed to withdraw
any plea of guilty entered pursuant to this Agreement if the
defendant prevails on appeal.

## E.  Forfeiture of Assets

14. Forfeiture.  The present indictment seeks forfeiture of the
defendant's interests in certain assets.  In the event the United
States seeks to forfeit those assets through a civil proceeding,
the defendant understands that dismissal of the criminal
forfeiture allegation in no way limits the United States from
proceeding civilly against any assets owned or held by the
defendant or any other party.  Defendant agrees to settle any

10

civil and criminal forfeiture matters arising out of the offense of conviction and its relevant conduct. The defendant agrees that the defendant's property constitutes proceeds of, is derived from proceeds traceable to, or was used in any manner or part to commit or facilitate the commission of the offense of conviction and its relevant conduct. Defendant further agrees to the following:

a.   Forfeiture of all properties, real and personal listed in the Forfeiture Allegation of the Indictment;

b.   Immediate entry of the preliminary order of forfeiture and/or the filing of a civil complaint by the United States, pursuant to Title 18, United States Code, § 981;

c.   Waiver of the right to personal service of all process and naming of undersigned defense counsel at his address of record in this case as agent for service of all process;

d.   Waiver of the right to appear and contest any portion of the forfeiture proceedings, including but not limited to, any motion or proceeding for substitute assets;

11

e.   The filing and entry of a consent decree of forfeiture;

f.   Disclosure, no later than upon signing this Agreement, of all persons and entities holding an equitable or legal interest in the property, real or personal, subject to forfeiture pursuant to this Agreement;

g.   Concurrence in any motion necessary to be filed and signing any documents necessary to effectuate forfeiture;

h.   Payment of costs associated with the seizure, storage, and maintenance of the any asset being returned to the defendant as a result of this Agreement;

i.   In the event any assets are being returned to the defendant, such return does not amount to having "substantially prevailed" in the pursuit of any claim, and to make no claim against the United States or any of its agencies or employees, including claims for attorney's fees and costs of litigation;

j.   Waiver of any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions,

12

pending or completed, arising out of the course of conduct
forming the basis for the forfeitures.

k.   Waiver of all constitutional, legal, and equitable claims
arising out of and/or defenses to the forfeiture of this
property in any proceeding, including any claim of Innocent
Ownership and any claim or defense under the Eighth
Amendment, including any claim of excessive fine.

15. <u>Disclosure of Assets</u>.  This Agreement is being entered by the
United States on the basis of the express representation that
the defendant is making full and complete disclosure of all
assets over which the defendant exercises control.  The
defendant agrees to submit to a polygraph examination by an
examiner selected by the Government to verify the defendant's
complete and candid compliance with this provision of the Plea
Agreement.  The defendant also understands that a failure to
make a full disclosure or lack of candor revealed by a polygraph
examination would constitute a breach of this Plea Agreement,
subjecting the defendant to the sanctions set forth in this Plea

13

Agreement.  Conditioned upon such full disclosure, the United

States agrees not to seek the seizure/forfeiture of any of the

defendant's assets other than those set forth in this Agreement.

16. <u>No Further Forfeiture</u>.  As the result of the forfeitures set forth

above, the United States agrees not to seek forfeiture of any

other asset known to the United States by defendant's

disclosure to belong to the defendant or the defendant's family.

This Agreement does not prevent the Internal Revenue Service

from the collection of taxes or the seizure of assets to satisfy

those taxes.

17. <u>Forfeiture of Interests/Passage of Clear Title/Destruction Order</u>.

By this Agreement, the defendant agrees to forfeit all interests

in the assets set forth above and to take whatever steps are

necessary to pass clear title of those assets to the United States.

These steps include but are not limited to surrender of title;

signing of a consent decree; stipulating to facts regarding the

transfer and basis for the forfeitures; and concurrence in any

14

motion and signing any document necessary to effectuate such transfers.

18. <u>Destruction Order/Waivers.</u> The defendant further agrees, should the United States deem it appropriate, to the destruction of the items seized during the course of the investigation. The defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized. If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order. The defendant further agrees to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the defendant is hereby withdrawn. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the

15

requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

## F.  Information Provided to Court and Probation Office

19. Background Information for Probation Office.  The defendant understands that the United States will provide to the United States Probation Office all information in its possession that the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

20. Objections to Pre-Sentence Report.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the Probation Officer within 14 days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline

16

ranges, and policy statements contained in or omitted from the report.  The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay.  Objections by the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

21. Relevant Sentencing Information.  At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant

17

information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

22. Non-Limitation on Government's Response. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions or appeals filed on behalf of the defendant. Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

18

G. **Court Not Bound by Plea Agreement**

23. <u>Court Not Bound by Terms</u>.  The defendant understands that the court is not a party to and is not bound by this Agreement, or any recommendations made by the parties.  Thus, the court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for life, a fine of $10 million, a maximum term of supervised release of up to life, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $100.

24. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>. If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the court decline to follow any recommendations by any of the parties to this Agreement.

19

## H. Breach of Plea Agreement by Defendant

25. Breach of Agreement. In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations. Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the court in an appropriate proceeding during which any disclosures and documents provided by the defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

26. Remedies for Breach. The defendant and the United States agree that in the event the court concludes that the defendant has breached the Agreement:

20

a.   The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

b.   The United States will be free to make any recommendations to the court regarding sentencing in this case;

c.   Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

d.   The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea.  The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy, or other similar grounds.

27. <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant understands that it is a condition of this Plea

Agreement that the defendant refrain from any further violations of state, local, or federal law while awaiting plea and sentencing under this Agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the government may petition the court and, if the court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the court that it deems appropriate. The defendant further understands and agrees that, if the court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

I.   Other Provisions

    28.   <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this
Agreement shall bind any other United States Attorney's Office,
state prosecutor's office, or federal, state or local law
enforcement agency.

    29.   <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or
initiate any civil claims or suits against the United States of
America, its agencies or employees, whether or not presently
known to the defendant, arising out of the investigation,
prosecution or cooperation, if any, covered by this Agreement,
including but not limited to any claims for attorney's fees and
other litigation expenses arising out of the investigation and
prosecution of this matter.  By the defendant's guilty plea in
this matter the defendant further acknowledges that the
Government's position in this litigation was taken in good faith,
had a substantial basis in law and fact and was not vexatious.

    30.   <u>Plea Agreement Serves Ends of Justice</u>.  The United States is
entering into this Plea Agreement with the defendant because

23

this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

31. <u>Merger of All Prior Negotiations</u>. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral. This agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result

24

of force or threats or promises apart from those promises set forth in this written Plea Agreement.

32. <u>Defendant is Satisfied with Assistance of Counsel</u>. The Defendant agrees that the defendant has discussed this case and this plea agreement in detail with the defendant's attorney who has advised the defendant of the defendant's Constitutional and other trial and appeal rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case. The defendant agrees that the defendant is satisfied with the legal services and advice provided to the defendant by the defendant's attorney.

33. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on

25

or before 5:00 p.m., May 14, 2019, otherwise the offer may, in
the sole discretion of the Government, be deemed withdrawn.

34. <u>Required Signatures</u>.  None of the terms of this Agreement shall
be binding on the Office of the United States Attorney for the
Middle District of Pennsylvania until signed by the defendant
and defense counsel and then signed by the United States
Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_04/26/19_
Date

_____
JUSTIN DANIEL LOUGH
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_4/26/2019_
Date

_____
GERALD A. LORD, ESQ.
Counsel for Defendant


DAVID J. FREED
United States Attorney

_5-8-2019_
Date

By: _____
GEORGE J. ROCKTASHEL
Assistant United States Attorney

DJF:GJR/kdm April 24, 2019
2016R00461

27