UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 4:17-00139 |
| | : | |
| v. | : | (JUDGE BRANN) |
| | : | |
| JACOB M. ROBARDS, | : | FILED VIA ECF |
| Defendant. | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant.  Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Guilty plea.  The defendant agrees to plead guilty to Count 7,  of

   the Indictment, which charges the defendant with a violation of

   Title 21, United States Code, § 846, conspiracy to distribute 500

   grams or more of methamphetamine.  The maximum penalty for

   that offense is imprisonment for a period of life in prison, a fine

   of $10 million, a maximum term of supervised release of five (5)

   years, which shall be served at the conclusion of, and in addition

to, any term of imprisonment, as well as the costs of
prosecution, imprisonment, probation, or supervised release
ordered, denial of certain federal benefits, and an assessment in
the amount of $100. At the time the guilty plea is entered, the
defendant shall admit to the court that the defendant is, in fact,
guilty of the offense(s) charged in that count. After sentencing,
the United States will move for dismissal of any remaining
counts of the indictment. The defendant agrees, however, that
the United States may, at its sole election, reinstate any
dismissed charges, or seek additional charges, in the event that
any guilty plea entered or sentence imposed pursuant to this
Agreement is subsequently vacated, set aside, or invalidated by
any court. The defendant further agrees to waive any defenses
to reinstatement of any charges, or to the filing of additional
charges, based upon laches, the assertion of speedy trial rights,
any applicable statute of limitations, or any other ground. The
calculation of time under the Speedy Trial Act for when trial

2

must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2. <u>Mandatory Minimum Sentence</u>.  Count 7 carries a mandatory minimum period of imprisonment of (ten) 10 years.

3. <u>Term of Supervised Release</u>.  The defendant understands that the court must impose at least a five (5)-year term of supervised release in addition to any term of imprisonment, fine or assessment involving a violation of the Controlled Substances Act.  The defendant also understands that the court must impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute.  The court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

4. <u>No Further Prosecution, Except Tax Charges</u>.  The United
   States Attorney's Office for the Middle District of Pennsylvania
   agrees that it will not bring any other criminal charges against
   the defendant directly arising out of the defendant's
   involvement in the offense(s) described above.  However,
   nothing in this Agreement will limit prosecution for criminal tax
   charges, if any, arising out of those offenses.

## B. **Fines and Assessments**

5. <u>Fine</u>.  The defendant understands that the court may impose a
   fine pursuant to the Sentencing Reform Act of 1984.  The willful
   failure to pay any fine imposed by the court, in full, may be
   considered a breach of this Plea Agreement.  Further, the
   defendant acknowledges that willful failure to pay the fine may
   subject the defendant to additional criminal violations and civil
   penalties pursuant to Title 18, United States Code, § 3611, et
   seq.

6. <u>Alternative Fine</u>.  The defendant understands that under the
   alternative fine section of Title 18, United States Code, § 3571,

4

the maximum fine quoted above may be increased if the court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

7. <u>Inmate Financial Responsibility Program</u>.  If the court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

8. <u>Special Assessment</u>.  The defendant understands that the court will impose a special assessment of $100, pursuant to the

5

provisions of Title 18, United States Code, § 3013.  No later
than the date of sentencing, the defendant or defendant's
counsel shall mail a check in payment of the special assessment
directly to the Clerk, United States District Court, Middle
District of Pennsylvania.  If the defendant intentionally fails to
make this payment, that failure may be treated as a breach of
this Plea Agreement and may result in further prosecution, the
filing of additional criminal charges, or a contempt citation.

9. <u>Collection of Financial Obligations</u>.  In order to facilitate the
collection of financial obligations imposed in connection with
this case, the defendant consents and agrees:

a.  to fully disclose all assets in which the defendant has an
interest or over which the defendant has control, directly or
indirectly, including those held by a spouse, nominee, or
other third party;

b.  to submit to interviews by the Government regarding the
defendant's financial status;

6

c.  to submit a complete, accurate, and truthful financial
    statement, on the form provided by the Government, to the
    United States Attorney's Office no later than 14 days
    following entry of the guilty plea;

d.  whether represented by counsel or not, to consent to contact
    by and communication with the Government, and to waive
    any prohibition against communication with a represented
    party by the Government regarding the defendant's
    financial status;

e.  to authorize the Government to obtain the defendant's
    credit reports in order to evaluate the defendant's ability to
    satisfy any financial obligations imposed by the court; and

f.  to submit any financial information requested by the
    Probation Office as directed, and to the sharing of financial
    information between the Government and the Probation
    Office.

7

## C. <u>Sentencing Guidelines Calculation</u>

10. <u>Determination of Sentencing Guidelines.</u>  The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments, as interpreted by *United States v. Booker*, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendant is pleading guilty.  The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

11. <u>Acceptance of Responsibility– Three Levels.</u>  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend

8

that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the court to find that the defendant is entitled to a three-level reduction shall not be a basis to void this Plea Agreement.

## D. Sentencing Recommendation

12. Specific Recommendation of Sentence. At the time of sentencing, the United States will make a specific recommendation within the applicable guideline range and reserves the right to recommend the maximum sentence within that range.

## E. Forfeiture of Assets

13. Forfeiture. The present indictment seeks forfeiture of the defendant's interests in certain assets. In the event the United States seeks to forfeit those assets through a civil proceeding, the defendant understands that dismissal of the criminal forfeiture allegation in no way limits the United States from

9

proceeding civilly against any assets owned or held by the defendant or any other party.  Defendant agrees to settle any civil and criminal forfeiture matters arising out of the offense of conviction and its relevant conduct.  The defendant agrees that the defendant's property constitutes proceeds of, is derived from proceeds traceable to, or was used in any manner or part to commit or facilitate the commission of the offense of conviction and its relevant conduct.  Defendant further agrees to the following:

a.   Forfeiture of all properties, real and personal listed in the Forfeiture Allegation of the Indictment;

b.   Immediate entry of the preliminary order of forfeiture and/or the filing of a civil complaint by the United States, pursuant to Title 18, United States Code, § 981;

c.   Waiver of the right to personal service of all process and naming of undersigned defense counsel as agent for service of all process;

10

d.  Waiver of the right to appear and contest any portion of the forfeiture proceedings, including but not limited to, any motion or proceeding for substitute assets;

e.  The filing and entry of a consent decree of forfeiture;

f.  Disclosure, no later than upon signing this Agreement, of all persons and entities holding an equitable or legal interest in the property, real or personal, subject to forfeiture pursuant to this Agreement;

g.  Concurrence in any motion necessary to be filed and signing any documents necessary to effectuate forfeiture;

h.  Payment of costs associated with the seizure, storage, and maintenance of the any asset being returned to the defendant as a result of this Agreement;

i.  In the event any assets are being returned to the defendant, such return does not amount to having "substantially prevailed" in the pursuit of any claim, and to make no claim against the United States or any of its agencies or

11

employees, including claims for attorney's fees and costs of litigation;

j.   Waiver of any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions, pending or completed, arising out of the course of conduct forming the basis for the forfeitures.

k.   Waiver of all constitutional, legal, and equitable claims arising out of and/or defenses to the forfeiture of this property in any proceeding, including any claim of innocent ownership and any claim or defense under the Eighth Amendment, including any claim of excessive fine.

14. Disclosure of Assets.  This Agreement is being entered by the United States on the basis of the express representation that the defendant is making full and complete disclosure of all assets over which the defendant exercises control.  The defendant agrees to submit to a polygraph examination by an examiner selected by the Government to verify the defendant's complete and candid compliance with this provision of the Plea

12

Agreement.  The defendant also understands that a failure to make a full disclosure or lack of candor revealed by a polygraph examination would constitute a breach of this Plea Agreement, subjecting the defendant to the sanctions set forth in this Plea Agreement.  Conditioned upon such full disclosure, the United States agrees not to seek the seizure/forfeiture of any of the defendant's assets other than those set forth in this Agreement.

15. <u>No Further Forfeiture</u>.  As the result of the forfeitures set forth above, the United States agrees not to seek forfeiture of any other asset known to the United States by defendant's disclosure to belong to the defendant or the defendant's family. This Agreement does not prevent the Internal Revenue Service from the collection of taxes or the seizure of assets to satisfy those taxes.

16. <u>Forfeiture of Interests/Passage of Clear Title/Destruction Order</u>. By this Agreement, the defendant agrees to forfeit all interests in the assets set forth above and to take whatever steps are necessary to pass clear title of those assets to the United States.

13

These steps include but are not limited to surrender of title;
signing of a consent decree; stipulating to facts regarding the
transfer and basis for the forfeitures; and concurrence in any
motion and signing any document necessary to effectuate such
transfers.

17. <u>Destruction Order/Waivers.</u>  The defendant further agrees,
should the United States deem it appropriate, to the destruction
of the items seized during the course of the investigation.  The
defendant agrees that the items may be destroyed by the
investigative agency with or without a court order authorizing
the destruction of the items seized.  If the United States
determines that a destruction order should be obtained, the
defendant and defendant's counsel hereby concur in a motion for
such an order.  The defendant further agrees to waive all
interest in the assets in any administrative or judicial forfeiture
proceeding, whether criminal or civil, state or federal.  The
defendant consents and waives all rights to compliance by the
United States with any applicable deadlines under 18 U.S.C. §

14

983(a).  Any related administrative claim filed by the defendant is hereby withdrawn.  The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

F.  <u>Information Provided to Court and Probation Office</u>

18. <u>Background Information for Probation Office</u>.  The defendant understands that the United States will provide to the United States Probation Office all information in its possession that the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

19. <u>Objections to Pre-Sentence Report</u>.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the

15

Probation Officer within 14 days after disclosure of the pre-
sentence report any objections they may have as to material
information, sentencing classifications, sentencing guideline
ranges, and policy statements contained in or omitted from the
report.  The defendant agrees to meet with the United States at
least five days prior to sentencing in a good faith attempt to
resolve any substantive differences.  If any issues remain
unresolved, they shall be communicated to the Probation Officer
for inclusion in an addendum to the pre-sentence report.  The
defendant agrees that unresolved substantive objections will be
decided by the court after briefing, or a pre-sentence hearing, or
at the sentencing hearing where the standard or proof will be a
preponderance of the evidence, and the Federal Rules of
Evidence, other than with respect to privileges, shall not apply
under Fed. R. Evid. 1101(d)(3), and the court may consider any
reliable evidence, including hearsay.  Objections by the
defendant to the pre-sentence report or the court's rulings, will
not be grounds for withdrawal of a plea of guilty.

16

20. <u>Relevant Sentencing Information</u>. At the sentencing, the
United States will be permitted to bring to the court's attention,
and the court will be permitted to consider, all relevant
information about the defendant's background, character and
conduct, including the conduct that is the subject of the charges
that the United States has agreed to dismiss, and the nature
and extent of the defendant's cooperation, if any. The United
States will be entitled to bring to the court's attention and the
court will be entitled to consider any failure by the defendant to
fulfill any obligation under this Agreement.

21. <u>Non-Limitation on Government's Response</u>. Nothing in this
Agreement shall restrict or limit the nature or content of the
United States' motions or responses to any motions filed on
behalf of the defendant. Nor does this Agreement in any way
restrict the government in responding to any request by the
court for briefing, argument or presentation of evidence
regarding the application of Sentencing Guidelines to the

defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## G. Court Not Bound by Plea Agreement

22. Court Not Bound by Terms. The defendant understands that the court is not a party to and is not bound by this Agreement, or any recommendations made by the parties. Thus, the court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for life, a fine of $10 million, a maximum term of supervised release of up to five (5) years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $100.

23. No Withdrawal of Plea Based on Sentence or Recommendations. If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the court decline to

18

follow any recommendations by any of the parties to this
Agreement.

## H. **Breach of Plea Agreement by Defendant**

24. <u>Breach of Agreement</u>. In the event the United States believes
the defendant has failed to fulfill any obligations under this
Agreement, then the United States shall, in its discretion, have
the option of petitioning the court to be relieved of its
obligations. Whether the defendant has completely fulfilled all
of the obligations under this Agreement shall be determined by
the court in an appropriate proceeding during which any
disclosures and documents provided by the defendant shall be
admissible, and during which the United States shall be
required to establish any breach by a preponderance of the
evidence. In order to establish any breach by the defendant, the
United States is entitled to rely on statements and evidence
given by the defendant during the cooperation phase of this
Agreement, if any.

19

25. <u>Remedies for Breach</u>.  The defendant and the United States
agree that in the event the court concludes that the defendant
has breached the Agreement:

   a.   The defendant will not be permitted to withdraw any guilty
plea tendered under this Agreement and agrees not to
petition for withdrawal of any guilty plea;

   b.   The United States will be free to make any
recommendations to the court regarding sentencing in this
case;

   c.   Any evidence or statements made by the defendant during
the cooperation phase of this Agreement, if any, will be
admissible at any trials or sentencings;

   d.   The United States will be free to bring any other charges it
has against the defendant, including any charges originally
brought against the defendant or which may have been
under investigation at the time of the plea.  The defendant
waives and hereby agrees not to raise any defense to the

reinstatement of these charges based upon collateral

estoppel, Double Jeopardy, or other similar grounds.

26. <u>Violation of Law While Plea or Sentence Pending</u>.  The

defendant understands that it is a condition of this Plea

Agreement that the defendant refrain from any further

violations of state, local, or federal law while awaiting plea and

sentencing under this Agreement.  The defendant acknowledges

and agrees that if the government receives information that the

defendant has committed new crimes while awaiting plea or

sentencing in this case, the government may petition the court

and, if the court finds by a preponderance of the evidence that

the defendant has committed any other criminal offense while

awaiting plea or sentencing, the Government shall be free at its

sole election to either:  (a) withdraw from this Agreement; or (b)

make any sentencing recommendations to the court that it

deems appropriate.  The defendant further understands and

agrees that, if the court finds that the defendant has committed

any other offense while awaiting plea or sentencing, the

21

defendant will not be permitted to withdraw any guilty pleas
tendered pursuant to this Plea Agreement, and the government
will be permitted to bring any additional charges that it may
have against the defendant.

## I.   Other Provisions

27. Agreement Not Binding on Other Agencies.  Nothing in this
Agreement shall bind any other United States Attorney's Office,
state prosecutor's office, or federal, state or local law
enforcement agency.

28. No Civil Claims or Suits.  The defendant agrees not to pursue or
initiate any civil claims or suits against the United States of
America, its agencies or employees, whether or not presently
known to the defendant, arising out of the investigation,
prosecution or cooperation, if any, covered by this Agreement,
including but not limited to any claims for attorney's fees and
other litigation expenses arising out of the investigation and
prosecution of this matter.  By the defendant's guilty plea in
this matter the defendant further acknowledges that the

Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

29. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

30. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral.  This agreement cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in

23

connection with this plea.  Pursuant to Rule 11 of the Federal

Rules of Criminal Procedure, the defendant certifies that the

defendant's plea is knowing and voluntary, and is not the result

of force or threats or promises apart from those promises set

forth in this written Plea Agreement.

31. <u>Defendant is Satisfied with Assistance of Counsel</u>. The

Defendant agrees that the defendant has discussed this case

and this plea agreement in detail with the defendant's attorney

who has advised the defendant of the defendant's Constitutional

and other trial and appeal rights, the nature of the charges, the

elements of the offenses the United States would have to prove

at trial, the evidence the United States would present at such

trial, possible defenses, the advisory Sentencing Guidelines and

other aspects of sentencing, potential losses of civil rights and

privileges, and other potential consequences of pleading guilty

in this case.  The defendant agrees that the defendant is

satisfied with the legal services and advice provided to the

defendant by the defendant's attorney.

24

32. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., October 29, 2019, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

33. <u>Required Signatures</u>.  None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

10/18/19
Date

_____
JACOB M. ROBARDS
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

10/18/19
Date

_____
ROBERT A. HOFFA, ESQUIRE
Counsel for Defendant

DAVID J. FREED
UNITED STATES ATTORNEY

11-5-2019
Date

By: _____
GEORGE J. ROCKTASHEL
ASSISTANT U.S. ATTORNEY

DJF:GJR:kdm 2016R00461
10/1/2019

26